UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J. D., a minor, by and through his Conservator,
ERIC BRAVERMAN,

                        Plaintiff,      CIVIL CASE NO. 05-40393

v.

                                         HONORABLE PAUL V. GADOLA
ABM AMTECH INCORPORATED,     U.S. DISTRICT COURT

                        Defendant.
_____/

**ORDER OF REMAND**

Before the Court is Plaintiff's motion to remand, filed on January 3, 2006. Defendant removed this case from state court on December 28, 2005 relying on this Court's diversity jurisdiction. Plaintiff moves for a remand on the basis of a lack of subject matter jurisdiction, specifically, a lack of complete diversity between the parties and an insufficient amount in controversy.

On June 20, 2003, Plaintiff, who was a pedestrian, was struck by Defendant's service van, driven by Defendant's employee. After a deposition of Plaintiff's guardian revealed that neither Plaintiff nor anyone else in Plaintiff's household owned an automobile insurance policy in accordance with Michigan's no-fault insurance act, Defendant began paying Plaintiff's expenses related to the benefits due him under the no-fault insurance act. These expenses, which include past medical bills and attendant care services, total more than $480,000.00. From June 2003 until October 2005, Defendant paid Plaintiff's guardian for expenses incurred by him for attendant care services. After Defendant ceased paying Plaintiff's guardian for attendant care services, Plaintiff

brought suit in Wayne County Circuit Court to recover charges incurred by Plaintiff's guardian. The suit seeks reimbursement of expenses paid for attendant care services since October 2005. At the time Plaintiff filed his motion for remand, those charges amounted to approximately $8,000.00.

Plaintiff argues that a remand is necessary because there is no complete diversity between the parties. Plaintiff is a Michigan citizen, and Defendant is a privately owned corporation with California citizenship. This, normally, suffices for complete diversity. Plaintiff argues, however, that pursuant to 28 U.S.C. § 1332(c)(1) Defendant must be considered a citizen of the same state as Plaintiff. Section 1332(c)(1) states:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . .

28 U.S.C. § 1332(c)(1).

Section 1332(c)(1) is inapplicable to Defendant, though, because Defendant is not an insurer. Defendant's payment of Plaintiff's expenses does not transform Defendant into an insurer for the purposes of § 1332(c)(1) because Defendant is not paying such expenses as the "insurer of a policy or contract of liability insurance" and self-insurance is in reality no insurance, because there is no transfer of risk or liability.  Consequently, Plaintiff and Defendant are diverse.

Nevertheless, the amount in controversy in this case is insufficient to establish diversity jurisdiction. Defendant argues that the amount in controversy is greater than $75,000.00. Defendant plans to implead its insurance provider and establish that its insurance provider is liable for all past and future expenses paid by Defendant. Defendant argues that the issue of whether its insurance provider is liable is much like a declaratory action, and therefore the Court must look to the value of the consequences that may result from the litigation, rather than the amount sought to be

recovered, when determining the amount in controversy. At stake in the suggested litigation between Defendant and its insurance provider is the value of Plaintiff's past expenses as well as Plaintiff's future expenses.

However, the Court must determine the removeability of a case from the record before the Court at the time the notice is filed. This is true for the diversity of citizenship requirement, *see* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3723, and the amount in controversy requirement, *see id.*, § 3725. Defendant's insurance provider is not a party to this litigation and Defendant's claims against it are not before the Court. Furthermore, Plaintiff's claims are not claims for future benefits, because Michigan's no-fault insurance act provides that benefits must be based on incurred charges. M.C.L. § 500.3107. Any expenses incurred by Plaintiff in the future, after removal, for which Plaintiff may seek reimbursement, will not affect the Court's determination of whether diversity jurisdiction exits. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)).

The Sixth Circuit has stated:

> The clear federal rule is that "where the validity of an insurance policy containing disability benefit provisions is involved in a diversity action in a federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount." . . . In contrast, "future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy."

*Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416-417 (6th Cir. 1996) (citations omitted). The case removed by Defendant falls under the latter rule, not the former.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion to remand [docket

entry 2] is **GRANTED**, and this case, no. 05-40393, is **REMANDED** to the Circuit Court for the County of Wayne.

    **SO ORDERED.**


Dated:   January 31, 2006                        s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                       UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   February 1, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
       Ronald M. Applebaum; Stacey L. King; Cyril V. Weiner     , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                      .

                                                 s/Ruth A. Brissaud
                                                 Ruth A. Brissaud, Case Manager
                                                 (810) 341-7845